IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

HUGO MARTINEZ-SOTO,

    Petitioner,

v.                                                                           Case No. 1:18-cv-01402

BARBARA RICKARD, Warden, FCI McDowell,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction and direct appeal.

In 2015, Petitioner plead guilty to reentering the United States as a deported alien in violation of 8 U.S.C. § 1326. *United States v. Martinez-Soto*, No. 5:15-cr-1102-1 (S.D. Tx.), ECF No. 13 at 1. At sentencing, he received a 16-level crime-of-violence enhancement under section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines

("USSG")[1] for a prior Florida felony conviction for aggravated assault with a deadly weapon without intent to kill. *Id.*, ECF Nos. 17 and 24.

Petitioner filed a notice of appeal on May 6, 2016. *Id.*, ECF No. 22. On appeal, Petitioner argued that his Florida aggravated assault conviction was not an aggravated felony conviction because his term of imprisonment was less than one year pursuant to 8 U.S.C. § 1101(a)(43)(F). Thereafter, the United States filed an unopposed motion to remand for the purpose of resentencing Petitioner. Thus, on August 30, 2016, the Fifth Circuit vacated Petitioner's sentence and remanded the case with instructions to sentence him under § 1326(b)(1) rather than (b)(2). *Id.*, ECF No. 34. On remand, the sentencing court issued an amended judgment reflecting a conviction and sentence under section (b)(1). Petitioner's amended judgment was entered on December 1, 2017. *Id.*, ECF No. 38.

### B. Petitioner's post-conviction filings.

On March 20, 2017 (prior to his resentencing), Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in which he challenged his sentencing under 18 U.S.C. § 1326(b)(2) and, in conjunction therewith, the 16-level enhancement under USSG § 2L1.2(b)(1)(A)(ii) and further asserted that his counsel's failure to object to the same at sentencing was ineffective. *Id.*, ECF No. 35. On

---

1 Under this provision, a defendant convicted of illegal reentry is subject to a sixteen-level sentence enhancement if he was convicted of a crime of violence prior to his removal or deportation. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Guidelines commentary—specifically Application Note 1(B)(iii) to § 2L1.2—further defines "crime of violence" in two ways: (1) as one of several enumerated offense categories, including "aggravated assault," or (2) "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

December 13, 2017 (after his amended judgment had been entered), the sentencing court denied the § 2255 motion, finding as follows:

> A Florida conviction for aggravated assault with a deadly weapon without intent to kill—the conviction that Petitioner received—is a conviction for a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). [Footnote omitted]. *United States v. Romero-Ortiz*, 541 F. App'x 460, 461-64 (5th Cir. 2013) (per curiam). Thus, even though Petitioner does not have an aggravated-felony conviction and he has been resentenced under section (b)(1), his enhancement was still proper. [Footnote omitted]. *See United States v. Saldivar-Vasquez*, 689 F. App'x 305, 305-06 (5th Cir. 2017) (per curiam) (holding that a 16-level crime-of-violence enhancement can be proper even for a defendant convicted under section (b)(1)).

*Id.* at 2-3.

Then, on November 2, 2018, Petitioner filed the instant § 2241 petition in this court, again challenging the 16-level enhancement under § 2L1.2 based upon the Supreme Court's decisions in *Descamps v. United States,* 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), as well as the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Specifically, Petitioner contends that, in light of these decisions, his prior Florida aggravated assault conviction, which served as the basis for the 16-level enhancement, does not qualify as a "crime of violence" for the purpose of the guideline enhancement. He generally asserts that, similar to *Dimaya*, the court should find that the guideline definition of "crime of violence" should be found to be unconstitutionally vague. He further contends that the elements of the Florida aggravated assault statute in question are broader than the generic definition, thus, disqualifying it as a predicate offense for the 16-level enhancement. Therefore, he asserts that he should be resentenced without such enhancement.

3

## **ANALYSIS**

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Southern District of Texas. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332. Thus, the fact that Petitioner did not

4

previously file a timely § 2255 motion in his sentencing court, standing alone, will not permit review under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under § 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing, which in this case is the Eleventh Circuit, that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.") As further addressed below, Petitioner cannot meet the *Wheeler* criteria for several reasons and there is no need for a response from Respondent.

This court can quickly dispose of Petitioner's argument based upon *Dimaya*, in which the Supreme Court found that the residual clause contained in 18 U.S.C. § 16(b) (used as the basis for various statutory enhancements, but has no application here), which

5

included any felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. Petitioner makes a blanket statement that "the same should be held here." (ECF No. 1 at 2). However, as noted in the definition above, USSG § 2L1.2 does not contain a similar residual clause in its definition of a "crime of violence." Therefore, *Dimaya* has no direct application to Petitioner's case.

Furthermore, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court determined that the advisory sentencing guidelines, under which Petitioner was sentenced, are not subject to vagueness challenges under the Fifth Amendment because they do not have the same force of law. Finally, because *Dimaya* is a new rule of constitutional law along the same lines as those announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), Petitioner cannot satisfy the third prong of *Wheeler* in order to raise this claim under the savings clause. *See Welch v. United States*, 578 U.S. 120 (2016) (finding that the holding in *Johnson* is a new rule of substantive law that is retroactive on collateral review permitting claims to be raised under § 2255(h)(2)); *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021) (*Davis* announced a new substantive constitutional rule that is retroactive on collateral review). Consequently, Petitioner is not entitled to any relief under the savings clause based upon *Dimaya*.

Petitioner further contends that the decisions in *Descamps* and *Mathis*[2] are new interpretations of statutory law and that § 2255 is inadequate or ineffective to test the

---

2 In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act.

legality of his detention thereunder and, thus, he should be able to use the savings clause to bring his sentencing challenge under § 2241. Additionally, Petitioner relies upon *Hinkle*, a direct appeal in which the Fifth Circuit, relying on *Mathis*, concluded that a prior Texas controlled substance offense was broader than the definition of a controlled substance offense contained in the career offender guideline and, thus, vacated the sentence and remanded for resentencing without the career offender enhancement.[3]

Based upon these decisions, Petitioner contends that his prior Florida aggravated assault conviction under Florida Statutes § 784.021(1) is not a "crime of violence" because that statute is "divisible" and contains elements that are broader than the "crime of violence" definition in the commentary to USSG § 2L1.2, which includes "aggravated assault" as an enumerated offense, but does not further define that offense. *See* Application Note 1(B)(iii). The court may also defer to the more general clause in the definition requiring "an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

Florida's aggravated assault statute prohibits "an assault: (a) with a deadly weapon without intent to kill; or (b) with an intent to commit a felony." FLA. STAT. § 784.021(1). *See United States v. Romero-Ortiz*, 541 F. App'x 460, 462 (5th Cir. 2013). At bottom, Petitioner relies on *Descamps* and *Mathis* to assert that these are alternative elements and that some of the conduct prohibited by the Florida statute does not meet the "crime of violence" definition and, therefore, cannot serve as a predicate offense for the 16-level

---

The Supreme Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law.
[3] Because *Hinkle* was decided by another circuit court, under *Hahn*, *supra*, it has no precedential value for the purposes of Petitioner's case. Thus, the undersigned will not further discuss it herein.

enhancement under USSG § 2L1.2. However, the Eleventh Circuit has previously held that a conviction under the deadly weapon prong of the statute (which was the basis of Petitioner's conviction) qualifies as a crime of violence for the purpose of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Dominguez*, 426 F. Appx 715 (11th Cir. 2011) (unpublished); *see also Romero v. United States*, No. 15-CR-60055, 2018 WL 2452789, at *7 (S.D. Fla. Apr. 24, 2018), *report and recommendation adopted*, No. 17-60407-CIV, 2018 WL 2451180 (S.D. Fla. May 31, 2018). Therefore, this case law appears to foreclose Petitioner's challenge and it appears that his prior conviction would still qualify as a "crime of violence."

Furthermore, neither the Supreme Court nor the Eleventh Circuit (Petitioner's circuit of conviction) have declared *Descamps* or *Mathis* to be new substantive rules of law that are retroactively applicable on collateral review. *See In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (holding that "*Mathis* did not announce a 'new rule of constitutional law' [but merely] provided guidance to courts in interpreting an existing criminal statute."); *Lee v. United States*, No. 18-14464-J, 2019 WL 1856407, at *1 (11th Cir. Mar. 22, 2019) (same); *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("As the Supreme Court and other circuits have recognized, *Descamps* did not announce a new rule - its holding merely clarified existing precedent.")

Additionally, these Supreme Court cases were decided prior to Petitioner's direct appeal and first § 2255 motion. Therefore, even if these cases did constitute new and retroactive substantive changes in the law, Petitioner cannot meet the second prong of *Wheeler* because such changes did not occur after his direct appeal or initial § 2255

motion. In fact, Petitioner did unsuccessfully raise a similar challenge to the 16-level enhancement in his § 2255 motion filed prior to the instant petition.

Finally, because Petitioner's enhancement was applied under advisory guidelines after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing relief under the savings clause is unavailable to prisoners who were sentenced post-*Booker*. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018) (holding that erroneous application of an advisory guideline provision is not a fundamental defect or miscarriage of justice). Thus, Petitioner also cannot satisfy the fourth *Wheeler* prong. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria for review of his claims under the savings clause.

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his section 2241 petition. Additionally, in light of the fact that Petitioner previously filed an unsuccessful § 2255 motion in his sentencing court, the undersigned proposes that the presiding District Judge **FIND** that transfer of this action to his court of conviction for consideration under section 2255 would be futile.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

September 21, 2021

Dwane L. Tinsley
United States Magistrate Judge